No. 22-55293

IN THE UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

Robert Bezzina,
Plaintiff-Appellant

v.

United Airlines, Inc., et al.,
Defendants-Appellees

United States District Court
Central District of California
No. 2:21-cv-05102-JFW-JPR
Hon. John F. Walter

## APPELLANT'S REPLY BRIEF

Janet Gusdorff (SBN 245176)
GUSDORFF LAW, P.C.
4607 Lakeview Canyon Rd., Ste. 375
Westlake Village, CA 91361
Ph: 818-877-4515
Janet@GusdorffLaw.com

Paul Campbell (SBN 289409)
Stephen Hogie (SBN 178095)
HOGIE & CAMPBELL LAWYERS, INC.
13522 Newport Ave., Ste. 201
Tustin, CA 92780
Ph: 714-508-6422
pac@firedme.com
hogie@firedme.com

Attorneys for Plaintiff-Appellant, Robert Bezzina

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................ 3

INTRODUCTION ................................................................................................ 4

ARGUMENT ........................................................................................................ 6

   I.   THE DISTRICT COURT APPLIED THE WRONG LEGAL STANDARD IN DETERMINING WHETHER TO GRANT SUMMARY JUDGMENT ON APPELLANT'S DISABILITY DISCRIMINATION CLAIMS, NECESSITATING REVERSAL AND REMAND .................. 6

   II.   THE DISTRICT COURT ERRED IN CONCLUDING – AS A MATTER OF LAW – APPELLANT WAS UNABLE TO PERFORM HIS JOB MASKLESS OR WITH A SHIELD WITHOUT ENDANGERING HIMSELF OR OTHERS .......................................... 12

CONCLUSION ................................................................................................... 18

CERTIFICATE OF COMPLIANCE ...................................................................... 19

CERTIFICATE OF SERVICE ............................................................................. 20

# **TABLE OF AUTHORITIES**

<u>Cases</u>

*Avila v. Continental Airlines, Inc.*,
  165 Cal.App.4th 1237 (2008) ............................................................... 12

*Coghlan v. American Seafoods Co.*,
  413 F.3d 1090 (9th Cir. 2005) .............................................................. 10

*Dark v. Curry County*,
  451 F.3d 1078 (9th Cir. 2006) .............................................................. 10

*Glynn v. Superior Court*,
  42 Cal.App.5th 47 (2019) ................................................................ 7, 10

*Hanson v. Lucky Stores, Inc.*,
  74 Cal.App.4th 215 (1999) ................................................................... 12

*Humphrey v. Memorial Hospitals Ass'n*,
  239 F.3d 1128 (9th Cir. 2001) ............................................................ 9, 12

*Pletcher v. Giant Eagle Inc.*,
  2020 WL 6263916 (W.D. Pa. Oct. 23, 2020) .................................. 16, 17

*Saldago v. Iqvia, Inc.*,
  459 F.Supp.3d 1318 (S.D. Cal. May 5, 2020) ....................................... 13

*Wallace v. City of Stanislaus*,
  245 Cal.App.4th 109 (2016) ........................................................ passim

*Witt v. Bristol Farms*,
  2021 WL 5203297 (S.D. Cal. Nov. 9, 2021) ................................... 16, 17

*Zamora v. Security Industry Specialists, Inc.*,
  71 Cal.App.5th 1 (2021) ............................................................... 10, 11

<u>Statutes and Rules</u>

California Government Code section 12926 ............................................ 13

29 C.F.R. § 1630.2 .................................................................................. 14

Fed. R. App. P. 32 .................................................................................... 19

## **INTRODUCTION**

Robert Bezzina's diagnosed Post Traumatic Stress Disorder precludes him from wearing a mask. Rather than work with Mr. Bezzina to attempt to accommodate him in a manner that would allow him to continue working, United Airlines, Inc. required Mr. Bezzina to take a multi-year unpaid leave of absence. In his opening brief, Mr. Bezzina demonstrates why a jury could reasonably find that United's actions constitute actionable disability discrimination within the meaning of California's Fair Employment and Housing Act (FEHA).

In its appellee's brief, United asserts its hardline mask policy had no exceptions and it could not take any actions to temporarily restructure Mr. Bezzina's (mostly outdoor) employment or work with his limitations so as to enable him to protect the health and safety of his coworkers and travelers at the Los Angeles International Airport. Not only did this hardline approach undermine United's claim that it reasonably accommodated Mr. Bezzina by offering him the ongoing opportunity to apply for alternative positions within the company [since all positions required masks], its blanket one-size-fits-all approach also contravenes the FEHA.

Mr. Bezzina's opening brief also demonstrates the distinction California makes in analyzing disability discrimination claims versus other kinds of discrimination claims (e.g., sex, gender, race, or national origin). His opening brief further demonstrates how the district court failed to analyze the issue under the correct legal framework.

In response, United doubles down on its claim that the burden-shifting *McDonnell Douglas* test was the correct analytical tool because Mr. Bezzina allegedly failed to demonstrate direct evidence of discrimination. In doing so, United relies on a Ninth Circuit case applying Washington state law, claiming animus is a necessary component. Not so, as demonstrated herein. In this brief, Mr. Bezzina focuses primarily on clarifying for this Court what California courts deem constitutes "direct evidence" of disability discrimination, which differs significantly from appellee's proffered approach.

As is customary, this reply brief is confined to recent developments and matters addressed in Appellee's brief on which Appellant believes further discussion would be helpful to this Court. The absence of a point from this reply means only that it falls into

neither of these categories. No point made in the opening brief is withdrawn or abandoned unless it is explicitly done.

## ARGUMENT

I. **THE DISTRICT COURT APPLIED THE WRONG LEGAL STANDARD IN DETERMINING WHETHER TO GRANT SUMMARY JUDGMENT ON APPELLANT'S DISABILITY DISCRIMINATION CLAIMS, NECESSITATING REVERSAL AND REMAND.**

In his opening brief, Appellant explained that because he presented direct evidence that his unpaid leave of absence was because of his disability (i.e., inability to wear a mask without triggering PTSD), the court below erred in applying the *McDonnell Douglas* burden-shifting test to evaluate whether there exists a triable issue of material fact on his disability discrimination claim. (AOB 7-10.) United disagrees, asserting that Mr. Bezzina has not demonstrated any direct evidence of discrimination. (Appellee's Brief ("AB") 25.) United's analysis, however, demonstrates its fundamental misunderstanding of what constitutes "direct evidence" under California FEHA disability discrimination claims.

The definition of "direct evidence" in this context does **not** require United to demonstrate animus or any motive to target Mr. Bezzina because he has a disability. Rather, the inquiry in disability discrimination cases is simply "whether there is direct evidence that the motive for the employer's conduct **was related to** the employee's physical or mental condition." *Wallace v. City of Stanislaus,* 245 Cal.App.4th 109, 123 (2016), emphasis added; see also *Glynn v. Superior Court*, 42 Cal.App.5th 47, 53 (2019). A plaintiff alleging disability discrimination can establish the requisite intent to discriminate by proving (1) the employer knew that plaintiff had a physical condition that limited a major life activity, or perceived him to have such a condition, and (2) the plaintiff's actual or perceived physical condition was a substantial motivating reason for the defendant's decision to subject the plaintiff to an adverse employment action. *Wallace, supra,* 245 Cal.App.4th at 129; *Glynn, supra,* 42 Cal.App.5th at 53. Here, Mr. Bezzina presented direct evidence of both prongs.

As to prong one, there is no dispute that Mr. Bezzina suffered from PTSD, which made him unable to wear a mask, which in turn, limited his ability to work at United. (2-ER-136 [¶80], 2-ER-140 [¶¶91-

7

92].) At a minimum, United indisputably recognized this disability, as it justified its placement of Mr. Bezzina on leave as a reasonable accommodation for such condition. (See AB 15, 26 ["United accommodated Plaintiff by placing him on a lengthy, approved medical leave of absence"]; 2-ER-141 [¶93].)

As to prong two, Mr. Bezzina presented direct evidence that his disability substantially motivated United's decision to subject him to an adverse employment action (i.e., unpaid leave). United's sole reason for placing Mr. Bezzina on unpaid leave was because he was unable to wear a mask; United requires *all* employees to wear a mask and it has no positions that do not require a face mask, and therefore, characterizing it as an accommodation, United placed Mr. Bezzina on sick leave until his mask restrictions changed or he found another job. (4-ER-589-90; see also 2-ER-131, 135-136.) Notably, as in *Wallace*, United never asserted any other reason for placing Mr. Bezzina on unpaid leave other than his inability to wear a mask (due to his PTSD), and United's erroneous belief therefore that Mr. Bezzina could not perform the duties of any position.

The fact that United justified placing Mr. Bezzina on leave because he could not wear a mask, rather than explicitly justifying it based on Mr. Bezzina's PTSD, is immaterial for purposes of demonstrating direct evidence. As detailed in *Humphrey v. Memorial Hospitals Ass'n,* 239 F.3d 1128, 1139-1140, "conduct resulting from a disability is considered to be part of the disability..." In *Humphrey*, the defendant's stated reason for terminating plaintiff was absenteeism and tardiness, but plaintiff presented evidence that her absenteeism and tardiness was caused by her disability. *Id*. at p. 1140. Therefore, the court concluded a jury could reasonably find the requisite causal link between the disability and plaintiff's absenteeism to conclude that defendant fired her because of her disability. *Ibid*; see also *Dark v. Curry County,* 451 F.3d 1078, 1084 (9th Cir. 2006)

United narrowly and wrongly discusses "direct evidence" as comments or evidence demonstrating disability animus or intentional discriminatory motivation. For instance, United claims Mr. Bezzina was unable to present any direct evidence of disability discrimination because he failed to present any "comments made by anyone at United that demonstrate discriminatory animus and a causal relationship

9

between those comments and any alleged adverse employment action." AB 25, citing *Coghlan v. American Seafoods Co.,* 413 F.3d 1090, 1095 (9th Cir. 2005) [a *non-FEHA, non-disability discrimination* case arising from *Washington state law* and Title VII]. Although many kinds of discrimination under the FEHA require some sort of animus, **disability discrimination does not**. *Zamora v. Security Industry Specialists, Inc.,* 71 Cal.App.5th 1, 33 (2021); *Wallace, supra,* 245 Cal.App.4th at 115.

Attempting to minimize the effect of *Wallace* and its progeny, United attempts to distinguish the case on its facts. (AB 29-30.) But United's attempts are nothing more than a straw man. The fact that the employer was mistaken in *Wallace, Glynn,* etc., about the employee's disabilities is not dispositive to the general legal principle of what constitutes direct evidence of disability discrimination under the FEHA. Rather, there are a host of triable issues United stumbles upon in its analysis that preclude summary judgment.

One such matter is whether United took an adverse employment action against Plaintiff. (AB 30.) United contends that the record demonstrates that it accommodated his disability, allegedly undermining Appellant's evidence that United's failure to accommodate

10

his disability also constitutes direct evidence of discrimination. (AB 26.) Although United repeatedly refers to its decision to place Mr. Bezzina on a lengthy unpaid leave of absence as a "reasonable accommodation," whether it actually was such is a triable issue of fact for a jury. "[I]f the employee 'can work with a reasonable accommodation other than a leave of absence, an employer *may not require that the employee take a leave of absence.*'" *Zamora, supra,* 71 Cal.App.5th at 41-42, citing 2 CCR, § 11068, subd. (c), and *Wallace, supra,* 245 Cal.App.4th at 134. "If an employer can provide an accommodation other than a medical leave, it cannot require an employee to take a leave." *Zamora, supra,* 71 Cal.App.5th at 45.

United also argues that it implemented its face mask policy "in a consistent manner for all employees, regardless of their disability status." (AB 26.) If true, United's argument demonstrates precisely why its implementation of its mask policy is problematic; United failed to consider the disproportionate impact of its facially neutral policy on individuals whose disabilities (such as Mr. Bezzina's PTSD) preclude them from wearing a face mask. The FEHA prohibits disparate impact disability discrimination resulting from facially neutral employment

11

practices or policies that have a disproportionate effect on employees suffering from a disability. *Avila v. Continental Airlines, Inc.*, 165 Cal.App.4th 1237, 1246 (2008).

## II. THE DISTRICT COURT ERRED IN CONCLUDING – AS A MATTER OF LAW – APPELLANT WAS UNABLE TO PERFORM HIS JOB MASKLESS OR WITH A SHIELD WITHOUT ENDANGERING HIMSELF OR OTHERS

United contends it engaged in an ongoing attempt to accommodate Mr. Bezzina, that it continued to correspond with Mr. Bezzina throughout his leave, that it offered him the opportunity to apply for other positions (though it has never identified any position that did not require him to wear a face mask), and that its rejection of Mr. Bezzina's proposed accommodation of working with a face shield was not discrimination. (AB 27.) Again, these are all jury questions. "The reasonableness of an accommodation is generally a question of fact." *Hanson v. Lucky Stores, Inc.,* 74 Cal.App.4th 215, 228 n.11 (1999).

An employer's duty to accommodate a disabled employee is a continuing duty that is not exhausted by a single effort. *Humphrey, supra,* 239 F.3d at 1138. Nor was it exhausted in this case by United's rejection of Mr. Bezzina's face shield and placing him on leave. United did not explore whether it could have reasonably accommodated Mr.

12

Bezzina in other ways than a leave of absence. California Government Code section 12926 offers non-exclusive examples of kinds of reasonable accommodations employers may provide, including for instance, **job restructuring**. *Saldago v. Iqvia, Inc.,* 459 F.Supp.3d 1318, 1330 (2020); see also 29 C.F.R. § 1630.2(*o*)(2)(ii) [examples of ADA accommodations].

United argues that it was under no obligation to craft Mr. Bezzina a new position that avoided him working indoors. (AB 37-38.) This argument may persuade a jury, but it cannot be accepted as a matter of law at the summary judgment stage. One, there is no evidence United actually considered whether it could restructure Mr. Bezzina's job in a manner that would have him work entirely outdoors[1] or socially distanced. Two, a jury could reasonably conclude that the indoor work envisioned by Mr. Bezzina's existing positions did not constitute

---

[1] For instance, United could have inquired into providing a "Porta Potty" (portable toilet facility) on its grounds that would have enabled Mr. Bezzina to avoid entering the airport terminals to use the restroom. (cf AB 5.) It could have accommodated on-site meetings by supplementing them with a Zoom or Google Meet or other video conferencing link that he could attend remotely from outside of the facility. United may have been able to create or implement an alternative method for clocking in and clocking out that did not require Mr. Bezzina to enter the airport terminals, such as a proxy.

13

essential functions that could not be otherwise accomplished with creative accommodation. Of course, accommodating Mr. Bezzina would have required United to make some modifications to the way it normally assigned daily tasks to him. But the FEHA protections exist because accommodating disabled employees can be inconvenient or disruptive to an employer, and the legal obligation nevertheless necessitates the employer and employee engage in mutual problem-solving.

There is no evidence United considered temporarily assigning Mr. Bezzina to the primarily outdoor positions of a Transfer Online Bag job, Bag Room, or Cargo Runner assignments. (See AB 6 [discussing positions that are primarily outdoors].) There is no evidence that United considered how to accommodate Mr. Bezzina in these roles while restructuring those positions in a way that eliminated any need for entering the terminal.

Instead, United claims it "cannot and does not assign any Ramp Service employee to a permanent Job Assignment." (AB 7.) That was not Mr. Bezzina's proposal. However, a jury could reasonably conclude a *temporary* job assignment would have been a reasonable

accommodation. Such that would be precisely the kind of temporary accommodation the FEHA requires the company to consider. There is no evidence it even attempted to do so.

United lauds its alleged engagement in its RAP [Reasonable Accommodation Process], which the trial court likewise found persuasive. (AB 30-31, quoting 1-ER-14.) There is no question that United held two RAP meetings. There *is*, however, a triable issue as to whether it participated in those meetings and in the process in *good faith,* as the FEHA requires.

For example, a jury could reasonably determine that the outcome of the RAP meetings was predetermined and thus, United did not engage in good faith. (3-ER-377, 382 [GDF 65, 86, 88].) Similarly, a jury could reasonably find Director Enterprise Recognition and Engagement, Deborah Behr, did not act in good faith when, on September 18, 2020, she instructed Carolyn White of Human Resources to ignore the California face mask guidance, "because of work process and requirements, if [employees] cannot wear the mask they are not 'fit to do the job'..." (2-ER-207, 259, 285-287, 3-ER-302-303, 393 [GDF 139-140].) Similarly, a jury could reasonably conclude that United did not

15

act in good faith when it failed to respond to Mr. Bezzina's January 12, 2022, email to human resources indicating that he had found a mask that he believed would satisfy United's requirements and would allow him to return to work. (2-ER-207, 3-ER-202-203, 392 [GDF 139].) Indeed, as new information about COVID-19 became available throughout 2020, 2021, and 2022, United was under a continuing duty to engage in a good faith interactive process with Mr. Bezzina, reassessing the risk of harm to others were he to wear a face shield while working outdoors, etc. Instead, United took a hardline position from which it would not budge. A jury should be able to determine whether it acted reasonably, or whether such actions were discriminatory.

United further contends that Mr. Bezzina's refusal to wear a mask constituted a direct threat to the health and safety of others. (AB 41.) In support, United cites *Witt v. Bristol Farms,* Case No. 21-cv-00411-BAS-AGS, 2021 WL 5203297, at *7. (AB 41.) That case is distinguishable, as is *Pletcher v. Giant Eagle Inc.,* 2020 WL 6263916 at *5 (W.D. Pa. Oct. 23, 2020), for instance, because such cases do not apply the FEHA and

does not involve an employer's obligations to reasonably accommodate its disabled employees.

*Pletcher* also is distinguishable because there, the court did not find sufficient evidence that the plaintiff suffered from a disability that precluded him from wearing a face covering. More, the defendant there permitted customers to comply with their policy *by wearing a face shield* (i.e., a proposed accommodation in this case).

More, factually, *Witt* involved a single instance in which a patient attempted to enter a medical facility which *pre-dated* the California Department of Public Health's November 16, 2020 guidance letter that *includes* an exemption from the mask requirement for persons with a medical condition or disability. *Id.* In contrast, Mr. Bezzina's medical leave continued throughout the end of 2020, all of 2021, and most of 2022, while the CDC and California Department of Public Health repeatedly updated and revised their recommendations and exceptions based on increased awareness and knowledge of the disease. Thus, whereas *Witt* involved a single snapshot of defendant's knowledge at one particular time, this case involves an ever-evolving medical landscape that United had the continuing duty to consider when

assessing and re-assessing the feasibility of accommodating Mr. Bezzina's medical restrictions.

## **CONCLUSION**

For the foregoing reasons, as well as those set forth in Appellant's Opening Brief, summary judgment should be reversed and the case remanded for further proceedings.

                                              Hogie & Campbell Lawyers, Inc.
                                              Gusdorff Law, P.C.

                                              Respectfully submitted,

Dated: February 6, 2023         By: /s/ Janet Gusdorff

                                              Attorneys for Plaintiff/Appellant
                                              Robert Bezzina

## **CERTIFICATE OF COMPLIANCE**

1. This brief complies with the type-volume limitations of Fed. R. App. P. 32(a)(7)(B) because this brief contains 2836 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f).

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface, 14-pt Century Schoolbook, using Microsoft Word for Mac.

Dated: February 6, 2023      By: /s/ Janet Gusdorff

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court by using the Appellate CM/ECF system on February 6, 2023. I further certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

Dated: February 6, 2023                    By: /s/ Janet Gusdorff